UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| ALEXANDRA CHAPPELL ARNETTE, BLAKE EMERSON ARNETTE, EMILY SCANLON, CARLEY BRENGOSZ, ALISON FREDERICK and ASHLEY JAMES HARROP, | CA:  7:20-cv-04260-JD |
| Plaintiffs, | |
| v. | OPINION AND ORDER |
| LIMESTONE COLLEGE, COLLINS MURPHY, JANIE CORY and WALT GRIFFIN, | |
| Defendants. | |

This matter is before the Court on several motions by the parties.  Defendant Janie Cory

("Cory") (also referred to in other pleadings as "Corey" and/or "Corry") filed a Motion to Dismiss

her from Plaintiffs Alexandra Chappell Arnette ("A. Arnette"), Blake Emerson Arnette ("E.

Arnette"), Emily Scanlon ("Scanlon"), Carley Brengosz ("Brengosz"), Alison Frederick

("Frederick"), and Ashley James Harrop's ("Harrop") (collectively "Plaintiffs") Amended

Complaint pursuant to Rule 12(b)(6), Fed R. Civ. P., because she was not employed at Limestone

at the time of the alleged incident.[1]  (DE 22.)  In addition, Defendant Limestone University

(incorrectly identified as "Limestone College" and hereinafter referred to as "Limestone" or

---

[1]    Plaintiffs' Amended Complaint (DE 5) alleges sufficient facts to support a plausible claim against Cory who is the Human Resources Director for Limestone.  However, Plaintiffs concede in their Response to Defendants' Motion to Dismiss (DE 45) that Cory was not the Human Resources Director at the time of the alleged incident; and therefore, she is not a proper party to this action.  Generally, a 12(b)(6) motion to dismiss tests the sufficiency of the complaint but does not resolve fact disputes.  See Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.")  Since Plaintiffs concede Cory is not a proper party in this case, the Court grants Defendants' Motion to Dismiss Cory.

"Defendant") also filed a Rule 12(b)(6), Fed R. Civ. P., Partial Motion to Dismiss (DE 23) Plaintiffs' first four causes of action (First Cause of Action - Invasion of Privacy – Wrongful Intrusion into Private Affairs in 2012, Second Cause of Action - Invasion of Privacy – Wrongful Intrusion into Private Affairs in 2013 (collectively "Invasion of Privacy Torts"), Third Cause of Action - Intentional Infliction of Emotional Distress in 2012, and Fourth Cause of Action - Intentional Infliction of Emotional Distress in 2013 (collectively "Intentional Infliction Torts")) because Plaintiffs fail to allege *inter alia* that Murphy was acting within the course and scope of his employment when he committed the acts alleged by Plaintiffs.  Lastly, Plaintiffs have filed a Rule 15(a)(2), Fed. R. Civ. P., Motion to Amend their Amended Complaint (DE 43) to *inter alia* replace Cory with the correct Human Resources Directors at the time of the alleged incident.

The parties submitted responses and replies to these motions; and therefore, the motions are ripe for review and decision.  After reviewing the motions and memoranda submitted, the Court grants Cory's Motion to Dismiss (DE 22) (as provided in n. 1) and grants Limestone's Partial Motion to Dismiss (DE 23).  In addition, the Court grants Plaintiffs' Motion to Amend (DE 43) in part as provided herein.

## BACKGROUND

As alleged by the Plaintiffs, Plaintiffs A. Arnette and Scanlon were student-athletes at Lindenwood University in St. Charles, Missouri ("Lindenwood"), playing on the women's field hockey team during the 2012 and 2013 field hockey seasons.  Plaintiffs Brengosz and Frederick were student-athletes at Lindenwood playing on the women's field hockey team during the 2013 field hockey season.  On October 28, 2012, Limestone hosted a field hockey game between Lindenwood and Limestone at Limestone and again on September 27, 2013.  Upon arrival, Limestone agents directed the student athlete Plaintiffs to a men's locker room, which was

designated for their use before and after the game. While in the subject locker room, the student athlete Plaintiffs changed clothes and showered such that they were in various states of nudity and undress while present in the locker room. Collins Murphy ("Murphy"), a Limestone employee, secretly placed a video camera in the subject locker room prior to Plaintiffs' arrival on campus and video recorded the student athlete Plaintiffs without their knowledge or consent, while they were in a state of nudity.

Plaintiffs allege Murphy had knowledge of sporting events on campus and access to athletic facilities with Limestone's knowledge and consent. While employed with Limestone, Murphy secretly recorded the student athlete Plaintiffs changing clothes and taking showers in locker rooms on or about October 28, 2012, and September 27, 2013. At some point thereafter, the recordings of the student athlete Plaintiffs were uploaded to various pornographic websites. Thereafter, Plaintiffs discovered Murphy's conduct. Plaintiffs filed suit on December 8, 2020, alleging several State law claims against multiple defendants including Murphy.

## LEGAL STANDARD

### A.    Rule 12(b)(6), Fed. R. Civ. P.

A motion to dismiss for failure to state a claim challenges the legal sufficiency of a complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.    To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged but it has not 'show[n]' 'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### B.    Rule 15(a), Fed. R. Civ. P.

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading as a matter of course within 21 days after service of said pleading, or within 21 days after service of a motion to dismiss. Fed. R. Civ. P. 15(a)(1). In all other cases a party may amend its complaint "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Under Fed. R. Civ. P. 15(a), leave to amend a pleading 'shall be freely given when justice so requires.' The Supreme Court has emphasized that 'this mandate is to be heeded.' Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). In Foman, the Court indicated that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. Id.

4

The Fourth Circuit has held, as have a number of other circuits, that delay alone is not sufficient reason to deny leave to amend.  The delay must be accompanied by prejudice, bad faith, or futility." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-510 (4th Cir.1986).

"An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."  Hall v. Greystar Mgmt. Servs., L.P., 637 Fed. Appx. 93, 97 (4th Cir. 2016); citing, Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). "[A] motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id.  To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 556 U.S. at 678 (internal quotation marks omitted).

# DISCUSSION

## A.  Vicarious Liability against Limestone

Defendants argue that Plaintiffs' Amended Complaint is deficient because Plaintiffs fail to allege "that Murphy acted within the course and scope of his employment when he allegedly videoed the Plaintiffs surreptitiously in Limestone's locker room."  (DE 23, p. 5.)  Defendants contend "[a]n act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business."  Plaintiffs cite Armstrong v. Food Lion, Inc., 371 S.C. 271, 639 S.E.2d 50 (S.C. 2006) for this proposition. (DE 23, p.7.)  Defendants are correct as to South Carolina law and the implausibility of Murphy videotaping the student athlete Plaintiffs while they were fully nude, or in various stages of undress as being in the course and scope of his employment with Limestone based on Plaintiffs' allegations.  See Park v. Southeast Serv. Corp., 771 F. Supp. 2d 588 (D.S.C. 2011) (ruling on 12(b)(6) that "[p]laintiff has not submitted to the court a plausible argument that [employee]'s decision to video record [p]laintiff using the restroom was an act committed in furtherance of his employment.")  Under South Carolina law, "the act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor."  Armstrong v. Food Lion, Inc., 639 S.E.2d 50, 53, 371 S.C. 271, 276 (S.C. 2006).

Plaintiffs' Amended Complaint alleges *inter alia* that Limestone hired Murphy in the athletic and recreation department at Limestone such that he had access to the locker room facilities at Limestone and had knowledge of the athletic competitions that took place at Limestone.  (DE 5, ¶ 32.)  The complaint further alleges that,

> Upon information and belief, in October 2012 and September 2013, Defendant Murphy placed a hidden video camera device within a locker room facility of Defendant Limestone College for the purpose of videotaping Plaintiffs, their teammates, and other women student-athletes while the women were showering and in various states of undressing.

(DE 5, ¶¶ 34.)  Moreover, Plaintiffs allege that "[a]t all times relevant and within the course and scope of his employment and duties with Defendant Limestone, Defendant Limestone provided Defendant Murphy with access to and/or control over the athletic and recreational facilities at Defendant Limestone College, including, but not limited to, the locker room facilities."  (DE 5, ¶ 33.)  These conclusory statements are offset by Plaintiffs' allegations that Murphy's employment with Limestone ended in 2014 and that in 2019 Murphy uploaded the recordings to pornographic websites and gained an income from the content he provided on his accounts on the Pornhub and xHamster websites.  (DE 5, ¶¶ 47, and 51.)  These allegations taken as true do not allow the Court to draw the reasonable inference that Murphy's tortious acts were in furtherance of Limestone's business to invoke vicariously liability.

> A plaintiff seeking recovery from the master for injuries must establish that the relationship existed at the time of the injuries, and also that the servant was then about his master's business and acting within the scope of his employment. *Id.*  An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and in furtherance of the master's business. *Id.* . . . .

> The act of a servant done to effect some independent purpose of his own and not with reference to the service in which he is employed, or while he is acting as his own master for the time being, is not within the scope of his employment so as to render the master liable therefor.

<u>Armstrong</u> at 52-53.  Accordingly, since Plaintiffs' Amended Complaint is silent regarding whether the scope of Murphy's employment included videotaping or recording of athletes and given the fact that the Amended Complaint affirmatively alleges Murphy *not* Limestone profited from the videotaping, the Court must find that Plaintiffs have not pled sufficient facts or stated

plausible claims for relief for the Invasion of Privacy and Intentional Infliction of Emotional Distress torts against Limestone.[2]

### B. Motion to Amend Complaint

Plaintiffs' proposed amended complaint purports to name *inter alia* Limestone's Human Resource Directors Sharon Hammonds ("Hammonds") and Brenda Watkins ("Watkins") in lieu of current Human Resources Director Cory.  (DE 43, p. 3.)  Defendants do not object to the removal of Cory, and they are silent regarding the addition of Hammonds and Watkins except as to the futility of Plaintiffs vicarious liability claims in their first four causes of action.  See n. 2 supra. Even if the Court were to construe Defendants' opposition to Plaintiffs' motion to amend to include its opposition to adding Hammonds and Watkins regarding the remaining causes of action, Plaintiffs' motion passes Rule 15, Fed R. Civ. P., muster.  This Court's review of a futility defense is governed by a Rule 12(b)(6) standard of review and the Court must confine its review to the face of the purposed amended complaint.  See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") Based on the Court's review of the proposed amended complaint, the Court finds that the proposed amended complaint regarding the remaining causes of action is not futile because it alleges sufficient facts and states plausible claims for relief against Hammond and Watkins.

---

[2]     Plaintiffs also seek to amend their complaint to add the phrase "within the course and scope of his responsibilities of monitoring the facilities of the Defendant Limestone" to each cause of action, purportedly to remedy the vicarious liability defect in the Amended Complaint.  However, simply adding this phrase will not remedy the lack of plausibility that Murphy's conduct was not in furtherance of Limestone's business; and therefore, the amendment would be a futile act.  See Hall v. Greystar Mgmt. Servs., L.P., 637 Fed. Appx. 93, 97 (4th Cir. 2016); citing, Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995) ("An amendment is futile if the amended claim would fail to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).")  Accordingly, this Court denies Plaintiffs' Motion to Amend except as provided in this Order.

## **CONCLUSION**

For the foregoing reasons, it is Ordered that Cory's Motion to Dismiss (DE 22) is granted and Limestone's Partial Motion to Dismiss (DE 23) is granted.  In addition, Plaintiffs' Motion to Amend (DE 43) is granted in part and denied in part as provided herein.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

August 25, 2021
Greenville, South Carolina